# UNITED STATES DISTRICT COURT
для the
District of Maryland

| United States of America | ) | |
| --- | --- | --- |
| v. | ) | Case No. **15 - 269 BPG** |
| Wayne Anthony Espeut | ) | |

*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **January and February 2015** in the county of **Baltimore** in the **_____** District of **Maryland**, the defendant(s) violated:

| Code Section | Offense Description |
| --- | --- |
| 21 U.S.C. §§ 846 & 841 | Conspiracy to Possess and Possess with the Intent to Distribute Heroin, in that Steven Edward John, Wayne Anthony Espeut, and Walter Eugene Myers Jr. did knowingly combine, conspire, confederate, and agree with each other and with other persons to knowingly and intentionally posess and possess with intent to distribute one kilogram (1000 grams) or more of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of 21 U.S.C. §§ 846 and 841. |

This criminal complaint is based on these facts:

See attached Affidavit of TFO Kevin Ermer.

FILED _____ ENTERED
_____ LODGED _____ RECEIVED
FEB 11 2015
AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

☑ Continued on the attached sheet.

_____
Complainant's signature

TFO Kevin Ermer, DEA
Printed name and title

Sworn to before me and signed in my presence.

Date: **02/11/2015**

_____
Judge's signature

City and state: **Baltimore, Maryland**

Beth P. Gesner, U.S.M.J.
Printed name and title

15 - 269 BPG     15 - 270 BPG

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT     15 - 271 BPG

I, Kevin Ermer, being first duly sworn, hereby depose and state as follows:

### I. PURPOSE OF THE AFFIDAVIT

1. This affidavit is submitted in support of a criminal complaint charging Steven Edward JOHN, Wayne Anthony ESPEUT and Walter Eugene MYERS, Jr., with conspiracy to possess with the intent to distribute one kilogram (1000 grams) or more of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of 21 U.S.C. Sections 846 and 841. The maximum penalty for this offense is life imprisonment, a fine of $10,000,000, and five years of supervised release. A mandatory minimum sentence of ten years is also applicable to this offense. The time frame of this conspiracy was from at least January of 2015 through February of 2015.

### II. TRAINING, EXPERIENCE, AND EXPERTISE

2. I am an investigative or law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7), that is an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in 18 U.S.C. § 2516.

3. I have been a member of the Maryland Transportation Authority Police Department since 2005. In April 2008, I became a Detective in the Criminal Investigations Division and was subsequently assigned as a Task Force Officer ("TFO") with the Drug Enforcement Administration ("DEA") HIDTA Group 51. I have been serving as a TFO with the DEA since March 28, 2011. As part of my law enforcement training, I successfully completed a seven month entrance level training course in criminal investigations while attending the Maryland Transportation Authority Police Academy. Additionally, I have received over 40 hours of training in drug/narcotics enforcement, recognition, street packaging, and controlled

dangerous substance ("CDS") Paraphernalia while attending Maryland Transportation Authority Police Academy. I have also received 100 hours of specialized training in proactive criminal interdiction, to include narcotics trafficking, identifying hidden compartments, patrol drug investigations, narcotics surveillance investigation, drug identification, hotel/motel criminal interdiction (Drugs & Prostitution), and airport drug interdiction; and have received training in vehicle theft investigations by the Baltimore City Police RATT TEAM (Vehicle Theft Task Force).

4. My training has also included instruction in Criminal Law, Probable Cause, Search and Seizure Techniques, Use of Informants, Surveillance Methods and the Constitutional Rights of Citizens. I have successfully completed the three day CDS training seminar presented by the DEA. During my seven years on duty, I have made over two hundred (200) arrests, and participated in over one thousand (1,000) arrests involving CDS Violations, felony and misdemeanor theft investigations, vehicle thefts, assaults, domestic violence, fraud, firearms, etc in addition to approximately 100 traffic and fugitive arrests. I have also participated in the writing and execution of numerous search and seizure warrants. I have seized large amounts of heroin, cocaine, marijuana, and various other substances controlled by the State of Maryland. I have testified in CDS prosecutions in the Circuit and District Courts of Maryland, as well as in federal court.

5. I know based on my training, knowledge and experience that drug traffickers commonly use vehicles to pick up and deliver drugs; meet with drug customers, sources and co-conspirators; transport drugs and proceeds to stash locations and transport money to suppliers or third-parties to pay for the drugs. I am familiar with the use by drug dealers of homes and residences rented or held in the names of other individuals, as well as the use of storage lockers

and warehouses to store large inventories of controlled substances. I have interviewed many drug traffickers and learned from those interviews the various means and methods of traffickers.

### III. PROBABLE CAUSE

#### TRAVEL TO LOS ANGELES, CA BY JOHN AND ESPEUT

6. Investigators have learned that JOHN is a multi-kilogram cocaine and heroin distributor in the Baltimore area. Investigators have determined that ESPEUT was paid several thousand dollars by JOHN to drive large quantities of U.S. Currency from Baltimore to Los Angeles in order to procure a multi-kilogram shipment of cocaine and heroin from a source of supply. ESPEUT drove and JOHN flew out to Los Angeles and met ESPEUT.

7. On February 7, 2015, electronic tracking information on phone number 571-316-6145 (phone used by Steven JOHN) indicated that JOHN traveled from 731 Clayton Street, Aberdeen, MD 21001 to BWI Airport. For a period of time, JOHN's phone was turned off, indicating that he may have taken a flight. It was later turned back on and tracking information indicated that JOHN was at Charlotte Douglas Airport. JOHN's phone once again was turned off, and when it was again turned on tracking information indicated that JOHN's phone was at LAX Airport (Los Angeles, CA).

8. On February 9, 2015, TFO Kevin Ermer served an administrative subpoena to U.S. Airways Corporate Security for Steven JOHN's flight information. The response to the subpoena revealed that JOHN traveled from BWI to LAX on February 7, 2015 and was scheduled to travel back to Baltimore on February 8, 2015. A very short stay in a city such as Los Angeles—a known source for drugs shipped to Maryland—is consistent with travel to secure additional quantities of drugs.

9.  Later in the day on February 7, 2015, electronic tracking information showed that JOHN was in the area of Four Points Sheraton, located at 5990 Green Valley Circle, Culver City, CA 90230 and the Westfield Culver City Mall. JOHN's phone remained in the same general area overnight.

10. Once in California, the money ESPEUT transported to California was used by JOHN to purchase heroin and cocaine form a source of supply. On or about February 7, 2015, JOHN acquired three kilograms of heroin and two kilograms of cocaine. The drugs were given to ESPEUT to drive back to Baltimore, where he would be met by JOHN and MYERS.

11. On February 8, 2015, electronic tracking information indicated the following locations for JOHN, indicating his return from Los Angeles to Baltimore:

>    0626 hours (EST)- Rental Car Return (LAX Airport)
>
>    0643 hours (EST)- LAX Airport
>
>    0845 hours (EST)- PHONE OFF
>
>    1142 hours (EST)- PHONE ON- Dallas Fort Worth Airport
>
>    1550 hours (EST)- PHONE OFF (Note: Flight # US 150 was delayed)
>
>    1848 hours (EST)- PHONE ON- BWI Airport
>
>    1923 hours (EST)- Interstate 295 Northbound
>
>    1959 hours (EST)- Aberdeen area (731 Clayton Street, Aberdeen, MD 21001)

**ARREST OF WAYNE ESPEUT ON FEBRUARY 9, 2015 BY INDIANA STATE POLICE**

12. On February 9, 2015, Trooper Wells of the Indiana State Police conducted a traffic stop of a vehicle operated by ESPEUT. During the stop, Trooper Wells observed what he recognized through his knowledge, training, and experience to be indicators of criminal behavior.

13. A K-9 scan was conducted on ESPEUT's vehicle which resulted in a positive alert for the presence of narcotics. The vehicle was then searched, which resulted in the seizure of approximately three kilograms of heroin and two kilograms of cocaine. The wholesale value of this quantity of drugs is approximately $300,000. This quantity is also consistent with the intended distribution of said drugs. ESPEUT was taken into custody and plans for a controlled delivery of the drugs in Baltimore were formulated.

14. Once ESPEUT returned to Baltimore on February 10, 2015, he called JOHN and notified him of ESPEUT's return to Maryland. JOHN instructed ESPEUT to deliver the drugs to MYERS at a Wawa convenience store at 8731 Pulaski Highway, Rosedale, MD 21237. Investigators have determined, based on electronic tracking information, physical surveillance, and other evidence that this pattern of conduct also occurred in January 2015, and that JOHN, MYERS, and ESPEUT regularly used the Wawa referenced above as a meeting location to transfer drugs and money among each other.

15. During the evening hours of February 10, ESPEUT drove to the Wawa to accomplish the transfer as instructed by JOHN. MYERS and JOHN also arrived at the Wawa in separate vehicles. JOHN drove around the premises and conducted counter-surveillance. MYERS met with ESPEUT and took a backpack weighing approximately five kilograms from ESPEUT. After the transfer of the backpack, JOHN and MYERS discovered the presence of law enforcement and quickly left the area. MYERS also discovered a tracking device that had been planted in the backpack by law enforcement and threw it out the window of his car. MYERS fled and has not been apprehended. JOHN and ESPEUT were placed in custody.

16. Both JOHN and ESPEUT have admitted to their knowing participation in the conduct described above.

### Conclusion

17. Based on the foregoing, I submit that there is probable cause to believe that, beginning in at least January of 2015 and continuing through February of 2015, Steven Edward JOHN, Wayne Anthony ESPEUT, and Walter Eugene Myers, Jr., did combine conspire, confederate, and agree with each other and with others persons to knowingly and intentionally possess and possess with the intent to distribute one kilogram (1000 grams) or more of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of 21 U.S.C. Sections 846 and 841.

Det. Kevin Ermer
DEA Task Force Officer

Subscribed and sworn before me on February 11, 2015.

Honorable Beth P. Gesner
U.S. Magistrate Judge

___ FILED  ___ ENTERED
___ LODGED ___ RECEIVED

FEB 1 1 2015

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY